**In re Arbitration Between REGINA
M. LYONS TESTAMENTARY
TRUST, Petitioner,**

v.

**SHEARSON LEHMAN HUTTON, INC.,
and Edward Boznanski,
Respondents.**

**91 Civ. 7524 (JES).**

United States District Court,
S.D. New York.

Jan. 4, 1993.

---

Silverman, Collura & Chernis, P.C., New York City (Paul Chernis, of counsel), for petitioner.

Shearson Lehman Brothers Inc., Office of Gen. Counsel, New York City (Harry T. Walters, of counsel), for respondent.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Petitioner, Regina M. Lyons Testamentary Trust (the "Trust"), moves to vacate an arbitration award issued on August 2, 1991 against Respondents, Shearson Lehman Hutton, Inc. ("Shearson") and Edward Boznanski, by an arbitration panel assigned by the National Association of Securities Dealers (the "Panel"). For the reasons that follow, the Trust's motion to vacate is denied.

## BACKGROUND

On February 23, 1987, Barbara Matey (the "Trustee") opened an account with Respondent Edward Boznanski, an account executive with Shearson, to manage the Trust, which consisted of cash and securities valued at about $364,000. Petition Exh. A; Brief of Petitioner Regina M. Lyons Testamentary Trust at 2 ("Trust Br."). Over the next several months, the Trust's assets declined to approximately $169,000. *Id.* at 3. Pursuant to an agreement between the Trust and Shearson to arbitrate all controversies arising from the Trust's securities account with Shearson, the Trust brought an arbitration action against Shearson to recover damages of $306,423 for Shearson's alleged willful mishandling of the Trust's security account. *Id.* at 2.

On the second day of arbitration, the Panel raised the issue of the Trustee's fiduciary duty by asking the Trust's expert witness whether he felt that the Trustee had discharged her responsibilities as a trustee by simply turning the accounts over to Shearson. *Id.* at 4. The expert answered that he did not know because that question was outside his expertise. *Id.* The Trust's attorney objected to the Chairman's question, *id.*, and on June 4, 1991, before the third day of the arbitration, wrote a letter to the Panel asking it not to consider the issue of the Trustee's conduct or duty toward the account. Pet. Exh. D. On July 1 and 2, 1991, the arbitration continued and the Trust's attorney did not mention the letter. Trust Br. at 4. On July 22, 1991, the Panel heard closing arguments, after which the Trust's attorney reminded the Panel of his letter and affirmed that he had had an equal and full opportunity to be heard. Walters Aff., Exh. F at 8. On August 2, 1991, the Panel awarded the Trust $70,521 and, as part of the award, directed the Trust to assign back to Shearson a real estate limited partnership investment. Trust Br. at 5–6. The Trust petitioned to vacate the Panel's award on the grounds that the Panel had refused to hear evidence and had rendered the award in "manifest disregard" of the law.

## DISCUSSION

A finding that the Panel manifestly disregarded the law requires "something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand or apply the law." *Fahnestock & Co. v. Waltman*, 935 F.2d 512, 516 (2d Cir.1991) (citations omitted). *See Carte Blanche (Singapore) v. Carte Blanche Int'l*, 888 F.2d 260, 265 (2d Cir. 1989); *Merrill Lynch, Pierce, Fenner & Smith v. Bobker*, 808 F.2d 930, 933–34 (2d Cir.1986); *Siegel v. Titan Indus. Corp.*, 779 F.2d 891, 892 (2d Cir.1985). The alleged error "must have been obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator," and the governing law alleged to have been disregarded by the arbitrators must be "well defined, explicit, and clearly applicable." *Carte Blanche (Singapore) v. Carte Blanche Int'l*, 888 F.2d 260, 265 (2d Cir.1989) (quoting *Merrill Lynch, Pierce, Fenner & Smith v. Bobker*, 808 F.2d 930, 933–34 (2d Cir.1986). Tested by that standard, the Trust has plainly failed to carry its burden of demonstrating that the Panel deliberately disregarded clearly applicable law. *See Fried, Krupp, GmbH v. Solidarity Carriers, Inc.*, 674 F.Supp. 1022, 1026 (S.D.N.Y., aff'd, 838 F.2d 1202 (2d Cir.1987).

The Trust does not contend that the Panel clearly and deliberately disregarded any case or statute that would compel "the average person qualified to serve as an arbitrator" to award an amount greater that $70,521. *Merrill Lynch, Pierce, Fenner & Smith v. Bobker*, 808 F.2d at 933. It follows that since the Trust has not demonstrated that the Panel " 'understood and correctly stated the law but proceeded to ignore it,' " *Fahnestock*, 935 F.2d at 516 (quoting *Siegel v. Titan Indus.*, 779 F.2d 891, 893 (2d Cir.1985), the award may not be vacated on that ground.

Similarly, there is no merit to the Trust's contention that the Panel's failure to respond to the Trust's June 4, 1991 letter constitutes a refusal to hear evidence. This is especially true since at the closing argument the Trust's attorney ac-knowledged that he had had a full opportunity to be heard. Walters Aff., Exh. F at 8. Indeed, in its June 4, 1991 letter, the Trust did not offer the Panel *any* evidence, but merely requested leave to file a brief if the Panel was inclined to consider the Trustee's fiduciary responsibility. *See* Pet. Exh. D. Moreover, there has been no showing that the Panel rendered its award on that basis in whole or in part, and no rational inference to support that conclusion can be drawn merely because an arbitrator asked a question directed to that issue.

Finally, Shearson claims it is entitled to attorneys' fees and costs with respect to the instant motion under Fed.R.Civ.P. 11 (1988). That application is denied. While the Court has found the Trust's argument meritless, it is not so lacking in colorability as to require the imposition of Rule 11 sanctions.

## CONCLUSION

For the reasons given above, petitioner's motion to vacate the arbitration award is denied, as is Shearson's application for Rule 11 sanctions. The Clerk of the Court is directed to enter a judgment accordingly and to close the above-captioned action.

It is SO ORDERED.